The Court makes the following conclusions of law:

(1) Advances made by Newman to TMC in August, 1971 and April, 1973, respectively, totaling $55,000, will be considered as loans, and the fact that they were never repaid will permit Newman to treat them as business bad debts in accordance with 26 U.S.C. § 166(a).

(2) Advances made by Newman in October, 1973 and thereafter, totaling $56,516, will be considered as contributions to capital of TMC, and the fact that such contributions became worthless will permit their treatment under 26 U.S.C. § 165(g).

(3) The government shall recalculate the deficiency in taxes, if any, of Newman, and submit such recalculation, initialed by petitioners in the form of a proposed judgment, to the Court, within thirty (30) days of this date.

**BACHE HALSEY STUART SHIELDS INCORPORATED, a Delaware corporation, Plaintiff,**

v.

**TRACY COLLINS BANK & TRUST COMPANY, a Utah banking corporation, Defendant.**

Civ. No. C 82–0251J.

United States District Court, D. Utah, C.D.

Feb. 14, 1983.

L.R. Curtis, Jr., David R. Money, Salt Lake City, Utah, for plaintiff.

Daniel L. Berman, Gary F. Bendinger, Salt Lake City, Utah, for defendant.

MEMORANDUM OPINION and ORDER

JENKINS, District Judge.

Defendant, Tracy Collins Bank & Trust, brought this Motion to Amend Answer pursuant to Rules 13(f) and 15(a) of the Federal Rules of Civil Procedure. The Court heard oral arguments on the motion on December 23, 1982. L.R. Curtis, Jr., Esq. and David R. Money, Esq. appeared on behalf of the plaintiff, Bache Halsey Stuart Shields, and Daniel L. Berman, Esq. and Gary F. Bendinger, Esq. represented the defendant. At the hearing, the Court granted the Motion to Amend as to counts 1 through 7 of the counterclaim, but took the motion under advisement as to counts 8 through 11. After careful consideration of the arguments made and briefs submitted, this Court issues the following Memorandum Opinion and Order in regard to the remaining causes of action in the counterclaim.

Plaintiff, Bache Halsey Stuart Shields, Inc. (Bache), filed this action against defendant, Tracy Collins Bank & Trust (Tracy Collins) on March 31, 1982. Bache sought judgment against Tracy Collins for the amount by which two securities accounts,[1] established in Tracy Collins' name with the plaintiff, were overdrawn. Defendant filed its Answer on May 21, 1982. Subsequently, Tracy Collins brought the present motion to amend the answer to include counterclaims against Bache. This Court reserved on that motion as to the counts in the counterclaim involving the State and Federal Racketeering Acts.

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

In cases where "justice so requires" the federal courts have shown liberality in permitting parties to amend their pleadings. *E.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Polin v. Dun & Bradstreet, Inc.,* 511 F.2d 875, 877 (10th Cir.1975). Leave to amend, however, is properly denied when the pleading, as amended, would be subject to dismissal. *E.g., Concepts, Inc. v. Western Life Ins. Co.,* 639 F.2d 1108, 1114 (5th Cir.1981); *DeLoach v. Woodley,* 405 F.2d 496, 497 (5th Cir.1968); *Local No. 552, United Brick and Clay Workers of America AFL–CIO v. Hydraulic Press Brick Co.,* 371 F.Supp. 818, 828 (S.D. Mo.1974); *Kaplan v. United States,* 42 F.R.D. 5, 7 (D.Cal.1967). The authorities recognize that when the "proposed charge is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." 6 Wright & Miller, *Federal Practice and Procedure,* § 1487 (1971). *Accord,* 3 Moore, *Federal Practice* ¶ 15.08[4] (3d ed. 1975).

The proposed amendments taken under advisement in the case at bar are counts 8, 9, 10 and 11 of defendant's counterclaim. In count 8, Tracy Collins alleges that Bache violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68 (Supp.1982). Count 9 alleges that Bache engaged in a conspiracy to violate RICO. In count 10, Tracy Collins alleges that Bache violated the Utah Racketeering Influences and Criminal Enterprise Act, *Utah Code Ann.* §§ 76–10–1601–08 (Supp. 1981), and count 11 alleges conspiracy to violate the Utah Racketeering Act.

1. The Federal Racketeering Act

A. Violation of RICO

RICO provides for private civil remedies, as follows:

> (c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c) (Supp.1982). To be eligible for treble damages under § 1964(c), a plaintiff must have been injured by a violation of § 1962. Section 1962 makes it unlawful for any person (a) to derive income from a "pattern of racketeering activity" and to invest any part of such income in any enterprise whose activities affect interstate commerce; (b) to acquire through a "pattern of racketeering" any interest or control in any enterprise whose activities affect interstate commerce; (c) to conduct affairs of an enterprise whose activities affect interstate commerce through a "pattern of racketeering activity"; and (d) to conspire to violate any of the provisions of subsections (a), (b) or (c) of the section. 18 U.S.C. § 1964 (Supp.1982).

RICO provides that a:

---

1. The securities accounts were numbered UQ– 9001 and UQ–94009.

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

18 U.S.C. § 1961(5) (Supp.1982). The definition of "Racketeering activity" includes any act which is indictable under certain provisions of the United States Code. *See,* 18 U.S.C. § 1961(1) (Supp.1982). In summary, to recover treble damages a plaintiff must prove a violation of section 1962. Section 1962 prohibits the commission of two or more indictable acts through which any person invests in, controls, or acquires a business affecting interstate commerce. Defendant, Tracy Collins, suggests that its amended Answer sufficiently alleges a counterclaim under the RICO treble damages provision. This Court does not agree.

For a private civil action to lie, the plaintiff must have been injured by a "pattern of racketeering activity." Such a pattern is established by a showing that a party has committed at least two "indictable" acts. 18 U.S.C. § 1961(1) (Supp.1982). A federal grand jury should return an indictment, only where there is probable cause or a reasonable probability that a crime has been committed. *E.g., Talamante v. Romero,* 620 F.2d 784, 789 (10th Cir.) *cert. denied,* 449 U.S. 877, 101 S.Ct. 223, 66 L.Ed.2d 99 (1980); *Silverthorne v. United States,* 400 F.2d 627, 634 (9th Cir. 1968) *cert. denied,* 400 U.S. 1022, 91 S.Ct. 585, 27 L.Ed.2d 633 (1970); *United States v. Cox,* 342 F.2d 167, 170 (5th Cir.) *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Thus, to properly plead an action under the treble damages provision of RICO, a party must allege two acts of "racketeering" with enough specificity to show there is probable cause the crimes were committed. An offense is not "indictable" merely because it is alleged. Rather, to be indictable it must be "well-founded" and based on probable cause. *Brazburg v. Hayes,* 408 U.S. 665, 688, 92 S.Ct. 2646, 2660, 33 L.Ed.2d 626 (1972).

One way to assure that the charge is based on probable cause, is to require a bill of particulars in the pleadings. "A bill of particulars amplifies the indictment by providing additional information. . . . 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare his defense, and to avoid or minimize the danger of surprise at trial." *United States v. Johnson,* 575 F.2d 1347 (5th Cir.1978) *cert. denied, Harelson v. United States,* 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979), (*quoting, United States v. Martinez,* 466 F.2d 679, 686 (5th Cir.1972) *cert. denied, Berman v. United States,* 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973)). This circuit recognizes broad discretion in the trial court to determine the necessity of a bill of particulars. In *United States v. Moore,* 556 F.2d 479 (10th Cir.1977), the Court of Appeals for the Tenth Circuit stated:

> [T]he granting, or denial, of a motion for a bill of particulars is a matter lying within the sound discretion of the trial court, and its exercise of that discretion will not be grounds for reversal on appeal in the absence of an abuse of that discretion.

*Id.* at 483. *Accord, e.g., United States v. Martino,* 648 F.2d 367, 383 (5th Cir.1981) *cert. denied, Russello v. United States,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982); *United States v. Barrentine,* 591 F.2d 1069, 1077 (5th Cir.1979), *rehearing denied,* 599 F.2d 1054.

A private civil action under RICO is grounded upon the premise that a party has twice engaged in "racketeering activity". The Act defines "racketeering activity" as behavior "indictable" under specified provisions of the United States Code. Before a court can assess the merit of a plaintiff's treble damages claim it must determine whether there is probable cause to believe the named defendant committed the alleged predicate crimes. That determination is possible only if the factual basis of those "acts of racketeering" is set out with particularity. Thus, a factual statement similar

to a bill of particulars is needed in pleadings that allege a violation of the RICO treble damages provision.

The need for specificity is intensified by the broad range of the federal Racketeering Act. Under RICO, a party can recover treble damages by proving the probability of violations that would be barred from criminal conviction by the statute of limitations. For example, a plaintiff under § 1964 could allege a "pattern of racketeering activity" based on two acts of mail fraud in violation of 18 U.S.C. § 1341 (Supp.1982). RICO requires only that the acts be committed within ten years of each other. 18 U.S.C. § 1961(5) (Supp.1982). Thus, although the criminal charge of mail fraud must be instituted within five years after the offense was committed, 18 U.S.C. § 3282 (1969), the party is liable, for the same acts, twice as long under RICO.[2] The United States Supreme Court has stated that the limitations provision of the Criminal Code "is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time." *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). *Accord, United States v. DiSantillo,* 615 F.2d 128, 136 (3d Cir.1980). If the basic facts are obscured for the purposes of defending a criminal action with its demanding burden of proof on the prosecutor, they are equally nebulous for purposes of defending against a treble damages action in which the plaintiff need show only that it is more likely than not that the actor probably violated the criminal statute in question.

RICO also permits a party to pursue treble damages on an allegation that would be barred by the statute of limitations in a non-racketeering civil action. A private damages action under § 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1981), must be initiated within three years of the alleged violation in Utah. *Hackford v. First Secur-*

*ity Bank of Utah, N.A.,* 521 F.Supp. 541, 559 & n. 19 (D.Utah 1981) *affirmed* Civil No. 81–1863 (10th Cir. Jan. 31, 1982). *See, Clegg v. Conk,* 507 F.2d 1351, 1353 & n. 5 (10th Cir.1974). After that time has passed, however, the challenged activity can be coupled with an allegation of another crime to form the basis of a RICO charge. Thus, although the 10b–5 action is lost after three years, it is actionable under RICO for ten years. 18 U.S.C. § 1961(1)(D) (Supp.1982). Because a private damage action under RICO may be based on alleged criminal activity from ten years earlier, the factual basis of that activity must be pled with particularity. Otherwise the court is unable to determine whether the acts are "indictable" and the defendant is unable to prepare its defense.

Without that insistence on specificity, the Act is virtually limitless in its application. One RICO critic noted:

> There probably has not been a single instance of a hostile tender offer case in which the target company could not have made a ... claim of alleged false statements arising from S.E.C. filings, and if the reporting requirements of the S.E.C. can be bootstrapped into "racketeering activity," then the board rooms of corporate America will be peopled with more "racketeers" than Las Vegas and Atlantic City combined or than Chicago in its heyday.

Weinberg, *Mother of God, is this the End of Rico?* 1983 A.B.A.J. 130. To control such overenthusiastic use of RICO, the courts need sufficient facts in the pleadings to enable them to distinguish between well-founded and frivolous claims. RICO was enacted as part of the Organized Crime Control Act of 1970, the purpose of which was to combat "organized crime" in the United States. *See* Congressional Statement of Findings and Purpose, Pub.L. No. 91–452, 84 Stat. 922–923 (1970). The fight against "organized crime" would not be diminished by a requirement that probable

---

**2.** The example above assumes that a crime on which the statute of limitations has run would be "indictable" for the purposes of RICO if

there is probable cause to believe that the defendant committed the "racketeering activity".

cause to believe a crime has been committed be established before granting relief under the treble damages provision.

■ In the case at bar, Tracy Collins' counterclaim does not state the facts with enough specificity to establish probable cause that Bache engaged in two predicate acts. Without that "pattern of racketeering activity", Tracy Collins' claim is insufficient.

### B. Conspiracy

■ Count 9 of the defendant's proposed Answer, as amended, alleges that Bache engaged in a conspiracy to violate RICO. Section 1962(d) enumerates conspiracy as a separate offense under the Act. Explaining the gravaman of a conspiracy charge under federal law, the United States Supreme Court stated:

> [T]he precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is, in either case, that agreement which constitutes the conspiracy which the statute punishes.

*Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942). The agreement necessary to constitute a RICO conspiracy is unique. "To be convicted as a member of [a RICO] conspiracy, an individual, by his words or actions, must have objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes." *United States v. Elliott,* 571 F.2d 880, 903 (5th Cir.1978). *Accord, United States v. Martino,* 648 F.2d 367, 400 (5th Cir.1981). Thus, under RICO, a civil conspiracy charge requires an allegation that a party agreed to commit two predicate crimes in furtherance of the conspiracy. Tracy Collins' bare assertions that Bache conspired to violate RICO do not state a cause of action under § 1962(d).

Count 9 of Tracy Collins' counterclaim also is insufficient because it alleges no damages stemming from the "conspiracy".

Under § 1964 a party may recover treble damages only if "injured in his business or property" by reason of the violation of § 1962. None of the damages claimed by defendant are the result of the conspiracy charged in count 9 of the proposed Answer. Rather, the damages claimed by defendant stem from the completed violations of § 1962 alleged in count 8. Standing alone, count 9 does not allege an injury to defendant caused by the "conspiracy" to violate RICO. The conspiracy charge, as it currently appears in the proposed Answer, fails to state a claim upon which relief can be granted.

### 2. The State Racketeering Act

#### A. Violation of the State Act

■ In count 10 of its proposed Answer, Tracy Collins claims that Bache violated the Utah Racketeering Influences and Criminal Enterprise Act. *Utah Code Ann.* §§ 76–10–1601–08 (Supp.1981). The Utah Act defines "racketeering" as "any act committed for financial gain which is illegal under the laws of Utah regardless of whether such act is in fact charged or indicted, involving" any of 24 specified acts. *Utah Code Ann.* § 76–10–1602(1) (Supp.1981). Rather than requiring that the acts be "indictable" the Utah definition requires that the act be "illegal under the laws of Utah". Like the Federal Act, however, the Utah Racketeering Act suggests that the predicate crimes must be alleged with particularity. The court can determine whether the pleadings state a violation of the Utah Act only if the facts are sufficient to show that the alleged activity would be illegal in Utah and would fall into one of the enumerated categories.

■ The statute is silent on the standard to be used in deciding if the alleged activity is illegal. However, even if the determination only requires a finding that the acts would be indictable, the burden is greater than under the federal statute. That difference was explained as follows:

> In many states, the grand jury is directed to indict if it finds "probable cause" to believe that the accused has committed a

**1048**

crime.... In others, however, it is directed to indict "when all the evidence taken together, if unexplained or uncontradicted, would warrant a conviction of the defendant." . . . Since the trial jury would convict only if convinced of the accused's guilt beyond a reasonable doubt, it generally is assumed that this "prima facie case" standard imposes a substantially more rigorous test than the traditional "probable cause" test.

*Y. Kamisar, W. LaFave, & J. Israel,* Modern Criminal Procedure, 1025–26 n. 9 (5th ed. 1980). Utah has adopted the more demanding of these standards in *Utah Code Ann.* § 77–19–5 (1978), which provides that "[t]he grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury." Therefore, if Tracy Collins' counterclaims can not meet the federal standard, they are likewise insufficient under the state Act.

### B. Conspiracy

 In count 11 of its proposed counterclaim, Tracy Collins alleges that Bache conspired to violate the Utah Racketeering Act. The Utah treble damages provision states, in part:

> A person who sustains injury to his person, business or property *by a pattern of racketeering activity,* in which he is not a participant, may file an action in the district court for the recovery of treble damages, the costs of the suit, including reasonable attorney's fees, and any punitive damages the court may deem reasonable.

*Utah Code Ann.* § 76–10–1605(1) (Supp. 1981). Under the Utah statute a party may not sue for conspiracy alone. Rather, a private suit under the Utah Act must be based upon injury from "a pattern of racketeering activity". Although conspiracy is one of the enumerated acts of racketeering, *Utah Code Ann.* § 76–10–1602(1)(w) (Supp. 1981), a pattern of racketeering requires more than one such act. Therefore, conspiracy is not a separate basis for recovery. It is merely a crime that may qualify as one

of the predicate acts needed to show a pattern of racketeering activity. Standing alone, a charge of conspiracy does not state a cause of action under the Utah Act.

Based on the foregoing, defendant's motion to amend its Answer to include counts 8, 9, 10 and 11 of its proposed counterclaim is DENIED.