Barry NEWMAN and Vivian Newman, Plaintiffs,

v.

L.F. ROTHSCHILD, Unterberg, Towbin and Arthur Levine, Defendants.

No. 86 Civ. 3328 (RWS).

United States District Court, S.D. New York.

June 30, 1987.

Richard Realmuto, New York City, for plaintiffs.

Hertzog, Calamari & Gleason, New York City, for defendants; Loretta A. Preska, of counsel.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendants L.F. Rothschild, Unterberg, Towbin and Arthur Levine ("defendants") have moved to dismiss counts II, IV, and V of the Amended Complaint of plaintiffs Barry and Vivan Newman ("the Newmans"). For the reasons set forth below, the motion is granted in part and denied in part.

*Prior Proceedings*

By opinion of December 12, 1986, the court granted defendants' motion to dismiss counts II–V of the complaint, with leave for plaintiffs to replead, 651 F.Supp. 160. The Newmans repleaded counts II, IV and V, and by letter of March 18, 1987, defendants renewed their motion to dismiss. Defendants did not file new memoranda, but rested on their letter and their old papers, which, of course, do not directly speak to the Amended Complaint. Plaintiffs submitted no papers in opposition, and argument was heard on April 10, 1987.

*Count II: The RICO Claims*

■ The Second Circuit has twice spoken recently on the issue of pleading enterprise, most recently in *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 51 (2d Cir.1987), and before that in *United States v. Ianniello*, 808 F.2d 184, 191 (2d Cir.1986). According to the court in *Beck*, a complaint is fatally deficient if it fails to allege the elements of enterprise as set forth in *Ianniello*. *Beck*, at 51. *Ianniello* described the elements of "enterprise" thus:

An enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct' and 'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.' *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). This circuit requires that, under section 1962(c), the enterprise be a continuing operation and that the acts be related to the common purpose.

808 F.2d at 191. The Newmans plead enterprise in paragraph 18 of their amended complaint:

Defendant L.F. ROTHSCHILD is an enterprise as that term is defined in 18 USC 1961 engaged in interstate commerce and the activities of which affect interstate commerce. Such activities in and affecting interstate commerce include, among other things, the purchase and sale of securities, which have moved in interstate commerce.

Missing are allegations of common purpose, as well as allegations that the alleged predicate acts are related to that common purpose. Consequently, under *Beck*, the Amended Complaint fails to allege "enterprise" properly, and the RICO count will be dismissed.

Because *Beck* was issued by the Second Circuit after argument in this case, the parties neither argued nor briefed the enterprise issue and are, therefore, granted 15 (fifteen) days from the issuance of this opinion to file supplemental papers on the enterprise issue if they wish to do so.

*Count IV: Section 10(b) and Rule 10b–5*

Defendants have attacked the new Count IV on several grounds. First, they argue that plaintiff has failed to allege scienter and reliance adequately. Second they attack the sufficiency of specific allegations of misrepresentations and omissions.

As to reliance, plaintiffs have alleged in paragraph 43 that they relied on the "aforementioned misrepresentations", which satisfies their reliance pleading requirements for the complaint as a whole. In addition, plaintiffs have pled scienter throughout the complaint, such as in paragraph 37(b): "[D]efendant LEVINE purposely made a false representation to plaintiff ... in order to induce her to place her investment portfolio with defendant for the purpose of generating excessive commissions for defendant."

■ As to the four specific allegations in paragraph 37 of the complaint that the defendants challenge, the complaint will be dismissed with respect to subparagraph 37(a) only, which alleges that Levine purchased and sold a security in plaintiff's

account after specifically seeking and being denied authorization to do so. Defendants cite *Pross v. Patrick & Co.,* 585 F.Supp. 1456, 1460 (S.D.N.Y.1984) (Conner, J.), for the proposition that trades contrary to direct client instructions do not, in themselves, constitute a section 10b–5 violation, and the Newmans have cited no authority to the contrary. To the extent that the 10b–5 claim is predicated on this omission it is dismissed. That such a trade took place, however, may still be relevant to other issues in the case.

■ In addition, defendants have argued that subparagraphs 37(b) and (d) are the kind of "puffery" addressed in the December 12 opinion. The paragraphs allege that Levine represented to each of the Newmans on separate occasions that "he [Levine] could earn 20 to 30% return on plaintiff's investment without risk to … principal." The inclusion of a specific percentage such as this puts the misrepresentation in a different category from those listed in the earlier opinion at page 5 and the cases cited therein, and the complaint will not be dismissed with respect to them.

Defendants have also argued that the Newmans should not be permitted to maintain a § 10(b) action on the grounds that they attempted to trade on inside information but were prevented from doing so because their broker misrepresented the inside information, an issue which the court noted in the December 12 opinion, but did not decide. The Supreme Court has expressly addressed the issue in *Bateman Eichler, Hill Richards v. Berner,* 472 U.S. 299, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985), and decided that this does constitute a § 10(b) action.

*Count V: State Claims*

With respect to the state pendant claims in the Fifth Count (including common law fraud and negligent failure to supervise), defendants' letter of March 18 attacks the amended Count V for failure to plead all the elements of common law fraud. In the December 12 opinion, the court noted that the elements not alleged were knowledge of falsity and intent to deceive, which are now adequately pled in paragraph 41.

*Conclusion*

For the foregoing reasons, the RICO claims are dismissed for failure to plead "enterprise" adequately. Parties are granted leave to submit additional papers on the issue within 15 (fifteen) days of the issuance of this opinion.

In addition, the motion to dismiss the § 10(b) claim insofar as it is predicated on a trade against client instructions is granted. In all other respects the motion is denied.

IT IS SO ORDERED