BAMCO 18, a partnership, in its own right and as a limited partner in Hospitality Associates of Tappan Zee, a limited partnership, Plaintiff,

v.

R. Bruce REEVES; MPI Corporation, in its own right and as general partners in Hospitality Associates of Tappan Zee, a limited partnership; Hospitality Associates of Tappan Zee, a limited partnership; and D.G. Management Inc., Defendants.

No. 87 Civ. 5496 (RWS).

United States District Court,
S.D. New York.

Dec. 10, 1987.

Thaddeus Holt, Breed, Abbott & Morgan, New York City by Donald B. da Parma, of counsel, for plaintiff.

R. Bruce Reeves, defendant pro se.

Henry J. Steinglass, New York City, for defendants MPI Corp., Hospitality Associates of Tappan Zee and D.G. Management, Inc.

OPINION

SWEET, District Judge.

**Introduction**

Defendants R. Bruce Reeves ("Reeves"), MPI Corp. ("MPI"), Hospitality Associates of Tappan Zee ("Hospitality"), and D.G. Management, Inc. ("DG") have moved to dismiss Bamco 18's ("Bamco") complaint for lack of subject jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., to dismiss plaintiff's RICO and fraud claims for failure to state a claim pursuant to Rule 12(b)(6) Fed. R.Civ.P., and for failure to plead fraud with particularity pursuant to Rule 9(b), Fed.R.Civ.P. For the reasons set forth below, defendants motion is granted in part and denied in part.

## Background[1]

Plaintiff Bamco is a general partnership made up of partners of the New York law firm of Breed Abbott & Morgan; it is essentially an investment vehicle for its partners. Reeves, a New Hampshire resident, is a limited partner of Hospitality, and is the chief executive office and beneficial owner of substantially all the stock of both MPI and DG. The latter two corporations are parties to this action essentially as the alleged alter egos of Reeves.

The crux of the dispute is as follows. Hospitality is a limited partnership that owns and operates a motel and conference center known as the Tappan Zee Townhouse. In or about late 1984 and early 1985, Reeves, as limited partner with his company MPI being the sole general partner of Hospitality, solicited Bamco to invest in that entity as a limited partner. In so doing, Reeves and MPI allegedly represented to Bamco that the Townhouse needed restoration, which would be supervised by them, and that such work could be completed for $950,000. They also allegedly made projections on Bamco's earnings from the project, and told Bamco of motel reservations made for periods in the future. Bamco subsequently invested in Hospitality.

None of the above representations made by defendants came to pass, and Bamco claims that the defendants knew this would be the case at the time the statements were made. In addition to claims of breach of contract, warranty and fiduciary duty, Bamco thus claims that Reeves defrauded it by inducing investment based on deliberate or reckless falsehood. This is the basis for Bamco's fraud, negligent misrepresentation, RICO, and federal securities law claims.

Bamco filed its complaint in the district court claiming that this court has jurisdiction over its state law claims on the basis of diversity pursuant to 28 U.S.C. § 1332, or alternatively that its federal RICO and securities law claims grant this court the option to exercise pendent jurisdiction. On October 2, 1987, defendants moved to dis-

miss the complaint, claiming that Bamco failed to state a claim upon which relief may be granted with respect to the federal law and fraud claims, and that defendant Hospitality is a New York partnership thus destroying complete diversity. Thus they claim that this court has no subject matter jurisdiction—pendent or otherwise—over this action. Additionally, they have moved to dismiss on the ground that plaintiff failed to plead fraud with particularity.

## Discussion

All claims arise out of the same transaction or series of transactions—namely Bamco's investment in Hospitality based on allegedly false and misleading information. Thus, if plaintiff's federal claims can withstand scrutiny, this court can exercise pendent jurisdiction over Bamco's common law claims, and analysis of defendants' motion to dismiss for want of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R. Civ.P. will be unnecessary. Therefore, defendants' motion to dismiss the federal claims pursuant to Rule 12(b)(6) will be addressed first.

### RICO

■ Bamco has claimed injury resulting from defendants' violations of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO" or "civil RICO"). Specifically, Bamco has charged a violation of § 1964(c), which requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). However, Bamco has failed to allege facts establishing these elements.

A pattern, as described by the statute, "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). This Circuit recently held that a plaintiff need not prove multiple episodes to meet the pattern requirement but need only show two related predicate acts. *United States v. Ianiello*, 808 F.2d 184 (2d Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 3229, 97 L.Ed.2d

---

**1.** On a motion to dismiss a court must take all factual allegations in the complaint to be true.

Thus, most background facts herein stated are gleaned from the complaint.

736 (1987); *see Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 51 (2d Cir.1987).

However, the two act requirement must be understood in terms of an ongoing enterprise:

Assuming for the argument that [plaintiffs] have spelled out some form of criminal fraud on [defendants'] part, they have not alleged a pattern of racketeering activity conducted in the affairs of an "enterprise." In *Sedima,* ... the Court held that in order for there to be a pattern of racketeering activity, there must be continuing activity or continuity in the conduct at issue. There, the Court was concerned whether there was sufficient continuity and relatedness in the allegedly wrongful acts that they could be said to constitute a pattern. In ... [*United States v.*] *Weisman* [624 F.2d 1118 (2d Cir.1980)] and ... *Ianiello,* this court faced the question whether RICO also requires continuity and relatedness in the alleged "enterprise." We answered this question in the affirmative....

*Furman v. Cirrito,* 828 F.2d 898, 902 (2d Cir.1987). Consistent with this holding, this Circuit's recent decision in *Beck, supra,* "mandates that an alleged scheme whose goal is 'straightforward [and] short-lived' and which has an obvious termination date, should be dismissed." *Nassau–Suffolk Ice Cream v. Integrated Resources, Inc.,* 662 F.Supp. 1499, 1505 (S.D.N.Y. 1987); *see also Albany Insurance Co. v. Esses,* 831 F.2d 41 (2d Cir.1987) (where claim is based on fraudulent insurance claim, no threat of continuing criminal activity and thus pattern not sufficiently alleged).

Bamco has failed to meet these requirements. Essentially, all Bamco has alleged is that Reeves induced it through puffed up salesmanship to make an investment in Hospitality based on the profits and tax breaks it would derive from the Townhouse project, but that in reality, the project, due to defendants' failures, did not prove to be profitable. This is too limited a transaction to constitute a pattern under RICO. "[T]here is no open ended continuous

scheme alleged by plaintiffs.... The continuity element required under *Sedima* and *Beck* is not fulfilled by fraud alleged as part of a single set of negotiations between two entities which culminated in the purchase of [a limited partnership]." *Nassau–Suffolk Ice Cream, supra,* 662 F.Supp. at 1504–05; *see also Procter & Gamble Co. v. Big Apple Industrial Buildings,* 655 F.Supp. 1179, 1182 (S.D.N.Y.1987) ("An undertaking by a contractor engaged in a lawful enterprise to bilk one customer in one construction project of finite duration and scope does not satisfy the "continuity" element of the pattern of racketeering." (footnote omitted)).

■  To bolster its claim, plaintiff claims that defendants committed violations of the Mail and Wire Fraud statutes, 18 U.S.C. §§ 1341, 1343, because they made representations regarding the project by mail or phone. However, as the court in *Nassau–Suffolk Ice Cream* stated:

Most substantial business transactions involve two or more uses of the mail [and telephone] during negotiations. To hold that two such [acts of alleged fraud] are sufficient to constitute a "pattern of racketeering activity" would be to sweep into federal courts, under RICO, the great majority of actions for fraud in commercial transactions.

*Nassau–Suffolk Ice Cream, supra,* 662 F.Supp. at 1507 (bracketed material in original) (quoting *Exeter Towers Associates v. Bowditch,* 604 F.Supp. 1547, 1554 (D.Mass. 1985)).

■  Moreover, Bamco's RICO claim is not saved by the bald allegation that upon information and belief Reeves has engaged in similar frauds regarding other limited partnerships. "[I]n order to sufficiently allege a conspiracy under RICO, 'a party must allege two acts of 'racketeering' with enough specificity to show there is probable cause [to believe] the crimes were committed.'" *Laterza v. American Broadcasting Co.,* 581 F.Supp. 408, 413 (S.D.N.Y. 1984) (quoting *Bache Halsey Stuart Shields v. Tracy Collins Bank & Trust Co.,* 558 F.Supp. 1042, 1045 (D.Utah 1983)

(bracketed words in *Laterza* )). Plaintiff's allegations do not satisfy this requirement.

■ Finally, it should be noted as a matter of policy that civil RICO's treble damage provision was never intended to permit recovery for what amounts to common law fraud. As Judge Leval noted in a dispute analogous to this:

> Accusations that the contractor has overstated his experience, understated the expected costs and overstated completed work used in bills for progress payments are as common to construction as steel, bricks and mortar. If those allegations implicate RICO, it is safe to assume that henceforth virtually every construction dispute will be waged in federal court as a RICO matter.

*Procter & Gamble Co., supra,* 655 F.Supp. 1181–82; *see also Terra Resources I v. Burgin,* 664 F.Supp. 82 (S.D.N.Y.1987).

Defendants' motion to dismiss Bamco's RICO claim for failure to state a claim upon which relief may be granted is therefore granted.

**Federal Securities Claim**

■ Bamco alleges that defendants' made material misstatements and omissions of fact in connection with the purchase by plaintiff of its limited partnership interest in Hospitality and its subsequent investment of funds in that venture. It thus claims that defendants violated section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j. Section 10(b) prohibits the use or employment of any manipulative or deceptive device or contrivance in connection with the purchase or sale of any security. Thus, in order to determine whether defendants have violated section 10(b), it must first be established whether the limited partnership interest purchased was a security.

Analysis of whether a limited partnership interest constitutes a security begins with determining whether this interest is, in effect, an investment contract. *See Mayer v. Oil Field Systems Corp.,* 721 F.2d 59, 63 (2d Cir.1983). The Supreme Court has defined an investment contract—a security under the Exchange Act —as "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely form the efforts of the promoter or a third party." *Securities & Exchange Commission v. W.J. Howey Co.,* 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). Bamco's complaint fails to bring its investment within this definition. What is missing from Bamco's pleadings are allegations of common enterprise and of total lack of control.

According to the complaint, MPI was the only general partner, holding a 1% interest, and Reeves and Bamco were limited partners, holding 39% and 60% respectively. However, Bamco also alleges that MPI is the alter ego of Reeves. It further alleges that Reeves was in control of Hospitality's Townhouse Project. Under New York law, a limited partner who acts in a managerial capacity loses limited liability status and thus becomes liable as a general partner. N.Y. Partnership Law § 96. Thus, in reality, the only true limited partner in this venture was Bamco itself.

Additionally, Bamco's complaint reveals, *inter alia,* that Bamco itself had a say in the operation of the Townhouse and indeed participated in negotiations between Hospitality and Horizon Hotels Limited, a hotel operating firm. Thus, since plaintiff had some control over the subject of its investment, it was not reliant *solely* upon the efforts of the promoter or a third party.

Moreover, this Circuit has stated that "[w]here the investing limited partners exercised no managerial role in the partnership's affairs, courts have held that limited partnership interests are securities *at least when, as here, there were a considerable number of limited partners.*" *Mayer, supra,* 721 F.2d at 65 (emphasis added). In this case there is only one—at best there are two—limited partners; and indeed if there are two, one exercised a managerial role. Thus, the interest in question here does not represent the paradigmatic limited-partnership-as-security situation.

The Eastern District of Pennsylvania addressed a problem similar to the one under consideration. In *Bank of America Na-*

*tional Trust & Savings Association v. Hotel Rittenhouse Associates,* 595 F.Supp. 800 (E.D.Pa.1984), a hotel developer sold one limited partnership interest in a partnership made up also of two general partners. The court refused to hold that the interest involved was a security. It quoted a salient passage from Professor Loss:

> [I]nterests in partnerships may be securities.... [I]t is substance, not form, that controls.... The problem, as Judge Frank put it when he was Chairman of the SEC, is to distinguish between the public offering of securities parading as "limited partnership interest" and an "offering of a half interest in a hamburger stand."

*Id.* at 806 (quoting Loss, Fundamentals of Securities Regulations 198–99 (1983)). Noting, among other things, that there was no public offering of limited partnership interests and that the sale of the interest was the result of negotiations, the court, in essence, deemed the interest more like the proverbial "hamburger stand."

So too does this court deem the interest involved here. Bamco invested as, in effect, the only limited partner in a one project endeavor. That project was the restoration of the Tappan Zee Townhouse, and the investment was made after one on one negotiations. Moreover, Bamco had a say in at least the operation of the Townhouse. Thus, plaintiffs have failed to state a claim under the federal securities laws upon which relief may be granted. Defendants' motion to dismiss is therefore granted.

**Diversity**

■ Having dismissed Bamco's federal claims, to retain jurisdiction, defendants' challenge to diversity pursuant to Rule 12(b)(1) must now be addressed. However, this issue can be addressed summarily.

Bamco joined Hospitality as a defendant to this action. Because Hospitality is a partnership formed under the laws of New York with its principal place of business in Nyack, New York, defendants contend that complete diversity is lacking. However, under the law of this Circuit, the citizen-ship of a partnership is determined by the citizenship of each of its general partners. *Lewis v. Odell,* 503 F.2d 445 (2d Cir.1974); *see also Woodward v. D.H. Overmyer Co.,* 428 F.2d 880, 883 (2d Cir.1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971).

The only general partner of Hospitality is MPI, a New Hampshire corporation. Even if MPI is merely Reeves' alter ego, as Bamco alleges, Reeves too is a New Hampshire resident and citizen.

Thus, there is complete diversity between the parties, and this court has jurisdiction pursuant to 28 U.S.C. § 1332.[2] Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore denied.

**Failure to Plead Fraud with Particularity and To State a Claim**

■ Finally, defendants have moved to dismiss the fraud counts of the complaint for failure to plead fraud with particularity pursuant to Rule 9(b), Fed.R.Civ.P. and for failure to state a claim.

Unlike most other pleading situations, in pleading fraud, "mere conclusory allegations to the effect that defendant's conduct was fraudulent ... are insufficient." *Shemtob v. Shearson,* 448 F.2d 442, 444 (2d Cir.1971). To satisfy Rule 9(b), the complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made and,
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making the same),
>
> (3) the content of such statements and the manner in which they misled the [victim], and
>
> (4) what the defendants "obtained" as a consequence of the fraud. (footnote omitted).

*Beck v. Manufacturers Hanover Trust Co.,* 645 F.Supp. 675, 682 (S.D.N.Y.1986), *aff'd,* 820 F.2d 46 (2d Cir.1987). Additionally, the complaint must aver some factual basis for its allegations as to a defendant's

---

**2.** Additionally, the amount in dispute exceeds $10,000.

state of mind. *Beck, supra,* 820 F.2d at 50; *Soper v. Simmons International, Ltd.,* 632 F.Supp. 244, 249 (S.D.N.Y.1986). The complaint must thus give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Shemtob, supra,* 448 F.2d at 444.

The fourth count of Bamco's complaint alleges common law fraud. In it, Bamco states that it was injured because it relied on defendants' alleged intentional misrepresentation and omissions. It does set forth the substance of the misrepresentation upon which it relies and further alleges that the statements were made by Reeves on his own behalf or on behalf of MPI.

However, Bamco still has failed to satisfy the requirements of pleading fraud with particularity. Bamco's complaint states that "Reeves and MPI, jointly and severally, made to plaintiff, orally and in writing, [a variety of] statements and representations." They then set forth the gist of such statements. However, Bamco has failed to allege the time and place of each statement.

Moreover, it has failed, in certain of its allegations, to allege a factual basis for its conclusory allegations as to defendants' state of mind.

In sum, the allegations set forth under the complaint heading "False and Misleading Statements and Representations by Reeves and His Alter Egos, and Plaintiff's Investments Pursuant Thereto" fail to met the requirements of pleading fraud with particularity. Therefore, defendants' motion pursuant to Rule 9(b) is granted and the fourth count of the complaint is dismissed. However, since amendment of a complaint is liberally permitted pursuant to Rule 15, Fed.R.Civ.P., Bamco is given thirty (30) days leave to amend its complaint and thereby allege the requisites of a fraud claim.

Since defendants' motion pursuant to 9(b) has been granted, there is no need to entertain its motion to dismiss the fraud count pursuant to Rule 12(b)(6).

## Conclusion

Defendants' motion to dismiss Bamco's RICO and Section 10(b) claims for failure to state a claim upon which relief may be granted is granted and these claims will be dismissed with prejudice. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied. Defendants' motion to dismiss Bamco's common law fraud claims for failure to plead fraud with particularity is granted, however, plaintiff is granted thirty (30) days leave to amend its complaint as it pertains to common law fraud.

IT IS SO ORDERED.