**Barry NEWMAN and Vivian Newman, Plaintiffs,**

v.

**L.F. ROTHSCHILD, UNTERBERG, TOWBIN, Arthur Levine and Steven Stark, Defendants.**

No. 86 Civ. 3328 (RWS).

United States District Court, S.D. New York.

Dec. 28, 1987.

Richard Realmuto, New York City, for plaintiffs.

Hertzog, Calamari & Gleason, New York City, for defendants; Loretta A. Preska, Anthony L. Paccione, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Barry and Vivian Newman (the "Newmans") have moved for reconsideration and reinstatement of their civil RICO complaint against defendants L.F. Rothschild, Unterberg, Towbin ("Rothschild"), and Arthur Levine ("Levine") and Steven Stark ("Stark"). The RICO count was dismissed in this court's memorandum opinion of June 30, 1987, 662 F.Supp. 957. However, because the Second Circuit's decision in *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46 (2d Cir.1987) was issued subsequent to the argument in this case, leave to file supplemental papers on the issue of enterprise was granted. After reconsideration, the Newman's motion is denied, and the RICO count is dismissed.

The Newmans allege that Stark and Levine during their association with Rothschild violated civil RICO by "jointly and in concert, contrary to the best interests of plaintiffs and for their own gain, intentionally and willfully induc[ing] purchases and sales of stocks in plaintiffs' accounts which were excessive in size and frequency in light of the character of such account. These activities constituted the fraudulent practice of 'churning' by defendants Levine and Stark." (amended complaint para. 28). They allege that this activity took place between March 1, 1982 and March 30, 1984.

In *Beck,* the Second Circuit reiterated the enterprise requirement set forth in *United States v. Ianniello*, 808 F.2d 184 (2d Cir. 1986):

> An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct" and "is proved by evidence of an *ongoing organization,* formal or informal, and by evidence that the various associates function as a *continuing unit." United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). This Circuit requires that, under section 1962(c), the enterprise be a *continuing operation* and that the [predicate] acts be related to the common purpose.

*Beck, supra,* 820 F.2d at 51 (quoting *Ianniello, supra,* 808 F.2d at 191) (emphasis and bracketed material in *Beck* ). The court went on to hold that an enterprise that had "but one straightforward and short-lived goal" and that ceased functioning at the achievement of that goal failed to fulfill this enterprise requirement. *Id.; see also Bamco 18 v. R. Bruce Reeves,* 675 F.Supp. 826 (S.D.N.Y.1987); *Nassau–Suffolk Ice Cream v. Integrated Resources, Inc.,* 662 F.Supp. 1499, 1505 (S.D.N.Y. 1987).

The scheme plaintiffs have alleged is no more than the "straightforward and short-lived" scheme alleged in *Beck.* Here, the purported fraud—to separate plaintiffs from their money by churning securities in their account—was completed on March 30, 1984 after a twenty-four month period. No subsequent or prior frauds, nor frauds against other parties, have been alleged.

The Newmans have attempted to escape the continuity factor of the enterprise requirement by focusing on semantics. Specifically they note the *Ianniello* court's statement that the "enterprise [must] *be* a continuing operation" rather than that the plaintiff must "allege that an enterprise is a continuing operation." (Plaintiffs supplemental brief at 5). Based on this and sim-

ilar language in *Beck*, the Newmans claim that less is demanded of plaintiffs at the pleading stage and that a court can determine whether there is an enterprise by viewing the complaint in its entirety.

The Newmans' argument misses the mark. Both in the opinions on which they rely and in subsequent decisions the Second Circuit has stressed the importance of pleading continuity and relatedness of predicate acts in an ongoing enterprise. The court recently stated:

> Assuming for the argument that [plaintiffs] have spelled out some form of criminal fraud on [defendant's] part, they have not alleged a pattern of racketeering activity conducted in the affairs of an "enterprise." In *Sedima* [*S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)], the Court held that in order for there to be a pattern of racketeering activity there must be continuing activity or continuity in the conduct at issue. There the Court was concerned whether there was sufficient continuity and relatedness in the allegedly wrongful acts that they could be said to constitute a pattern. In [*United States v.*] *Weisman* [624 F.2d 1118 (2d Cir.1980)] and ... *Ianniello*, this court faced the question whether RICO also requires continuity and relatedness in the alleged "enterprise." We answered this question in the affirmative....

*Furman v. Cirrito*, 828 F.2d 898, 902 (2d Cir.1987).

The interpretation and adequacy of RICO complaints is a difficult and imaginative task given the confusion and conflict evident at both the district and circuit courts. Here the task is relatively easy given the nature of this churning complaint. The Newman's motion to reinstate their RICO claim is denied.

IT IS SO ORDERED.