WILLARD ROSS BRYMER, Appellant, v. SHERIFF, STOREY COUNTY, NEVADA, Respondent.

No. 9134

October 28, 1976        555 P.2d 844

*Jerome Polaha,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; and *Virgil A. Bucchianeri,* District Attorney, Storey County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Willard Ross Brymer was ordered to stand trial for murder. He then filed a pretrial petition for a writ of habeas corpus contending there was insufficient evidence adduced by the prosecution to establish probable cause that he committed the charged offense. The district court denied habeas and in this appeal Brymer reurges the same contention.

This proceeding arose as a result of the fatal shooting of one Oscar Bonavena on May 22, 1976. Brymer does not dispute the fact that the shooting occurred; however, he contends there is no evidence to establish that he committed the homicide. We disagree.

In our view, a factual recitation from the 454-page record would serve no useful purpose. Suffice it to say, the district judge correctly determined there was sufficient evidence to bind appellant over for trial. All that is required in this regard is that there be enough evidence presented to support a reasonable inference that the accused committed the charged offense. Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971). "[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 327, 512 P.2d 774, 775 (1973).

Brymer also asserts that the alleged offense lacked the magnitude of murder. This contention is also without merit. "[T]he accused's explanation for the homicide, being in the nature of a defense, whether true or false, reasonable or unreasonable, is for the trier of fact to consider at the trial, and neither the preliminary examination nor the hearing on the habeas petition is designed as a substitute for that function." Ricci v. Sheriff, 88 Nev. 662, 663–664, 503 P.2d 1222, 1223 (1972), citing State v. Fuchs, 78 Nev. 63, 68–69, 368 P.2d 869, 871 (1962).

Affirmed.