VITO BALSAMO, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9606

June 15, 1977 565 P.2d 650

*Morgan D. Harris,* Public Defender, and *Robert B. Amundson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Vito Balsamo was ordered to stand trial for obtaining money in an amount exceeding $100 under false pretenses, a felony under NRS 205.380. He then filed a pretrial petition for a writ of habeas corpus contending the evidence adduced before the magistrate was insufficient to support the charge. The district judge denied habeas and, in this appeal, Balsamo advances the same contention.

Balsamo agreed to perform certain construction work for Herbert Frey. In order to purchase the materials for the job, Balsamo obtained from Frey a check in the amount of $1500; however, although frequently requested, Balsamo did not start, much less complete, the job.[1]

The thrust of Balsamo's argument below, and here, is that the unkept promise to perform services for Frey cannot support the charge of obtaining money by false pretenses because the promise relates to a future fact. We disagree.

In support of his contention, Balsamo relies principally on the case of Polisher v. State, 276 A.2d 102 (Md.Ct.Spec.App. 1971), which said a false representation must be to a past or existing fact before a person can be guilty of the charged crime.

In our view, People v. Ashley, 267 P.2d 271, 281 (Cal. 1954), sets forth the better rule, which we adopt. It is that "a promise made without intention to perform is a misrepresentation of a state of mind, and thus a misrepresentation of existing fact, and is a false pretense within the meaning of [NRS 205.380]".[2] The reason for the rule was enunciated by Mr. Justice Traynor, who wrote: "If false promises were not false pretenses, the legally sophisticated, without fear of punishment, could perpetrate on the unwary fraudulent schemes like that

---

[1]Subsequently, Balsamo submitted an expense account to Frey's secretary and received from her another check. This latter transaction resulted in Balsamo being charged with a second count of false pretenses which is not here challenged.

[2]NRS 205.380 provides, in part:

"Every person who shall knowingly and designedly, by any false pretense or pretenses, obtain from any other person or persons any chose in action, money, goods, wares, chattels, effects or other valuable thing, with intent to cheat or defraud any person or persons of the same, is a cheat, and on conviction shall be imprisoned. . . ."

divulged by the record in this case and . . . would sanction such schemes without any corresponding benefit to the public order." *Id.* at 283.

Here, there is no suggestion that Balsamo's misrepresentations were made innocently or inadvertently; thus, we are not concerned with a criminal proceeding instigated by a disgruntled creditor against one who has blamelessly encountered a commercial default. *Cf.* United States v. Ballard, 322 U.S. 78 (1944). Neither are we dealing with one who is guilty of nothing more than a failure or inability to pay a debt. Chaplin v. United States, 157 F.2d 697 (D.C. Cir. 1946).

Accordingly, we perceive no error in the district judge's order denying the habeas petition. NRS 171.206; Brymer v. Sheriff, 92 Nev. 598, 555 P.2d 844 (1976).

Affirmed.