**G.K. LAS VEGAS LIMITED PARTNERSHIP, a California limited partnership, Plaintiff,**

v.

**SIMON PROPERTY GROUP, INC., a Delaware corporation; Simon Property Group, L.P., a Delaware limited partnership; M.S. Management Associates, Inc., a Delaware corporation doing business as Simon Management Company; SDG Forum Associates Limited Partnership, a Delaware limited partnership; SPG Forum Developers, LLC, a Delaware limited liability company; and David Simon, Melvin Simon, and Herbert Simon, Defendants.**

**No. CVS04–1199DAE–GWF.**

United States District Court, D. Nevada.

Sept. 29, 2006.

See also, 460 F.Supp.2d 1222.

D. Heath Bailey, Rooker Mohrman Rawlins & Bailey LLP, Henderson, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

Dennis C. Brown, Munger Tolles & Olson., Los Angeles, CA, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

Ann M. Galvani, Boies Schiller & Flexner, LLP, Armonk, NY, for G.K. Las Vegas Limited Partnership, Plaintiff.

George M. Garvey, Munger Tolles & Olson, Los Angeles, CA, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

Christopher Green, Boies Schiller & Flexner, LLP, Armonk, NY, for G.K. Las Vegas Limited Partnership, Plaintiff.

Kirk B. Lenhard, Jones Vargas, Las Vegas, for David Simon, Herbert Simon, Melvin Simon, Defendants.

Rebecca G Lynch, Munger, Tolles & Olson LLP, San Francisco, CA, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers,

LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

Daniel J. McAuliffe, Snell & Wilmer, Las Vegas, for G.K. Las Vegas Limited Partnership, Plaintiff.

Douglass A. Mitchell, Boies Schiller & Flexner, LLP, Las Vegas, for G.K. Las Vegas Limited Partnership, Plaintiff.

Christopher D. Moore, pro hac vice, Goodwin Proctor LLP, Boston, MA, for David Simon, Herbert Simon, Melvin Simon, Defendants.

Steve Morris, Morris Pickering Peterson & Trachok, Las Vegas, for G.K. Las Vegas Limited Partnership, Plaintiff.

Richard J. Pocker, Boies Schiller & Flexner, LLP, Las Vegas, for G.K. Las Vegas Limited Partnership, Plaintiff.

Michael D. Rawlins, Rooker Mohrman Rawlins & Bailey LLP, Henderson, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

C. Keith Rooker, Rooker Mohrman Rawlins & Bailey LLP, Henderson, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

James C. Rutten, Munger Tolles & Olson, Los Angeles, CA, for M.S. Management Associates, Inc., SDG Forum Developers, LLC, SPG Forum Developers, LLC, Simon Property Group L.P., Simon Property Group, Inc., Defendants.

*ORDER GRANTING IN PART AND DENYING IN PART MELVIN AND HERBERT SIMON'S MOTION TO DISMISS*

EZRA, District Judge.

Pursuant to Local Rule 78–2, the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss (Document # 104)[1].

## BACKGROUND

### A. Factual Background

In a September 30, 2005 order ("September 30 Order"), this Court granted in part and denied in part Defendants' Motion to Dismiss Causes of Action 4–11, 14–15, and 18–19 and granted Plaintiff G.K. Las Vegas Limited Partnership ("Plaintiff") leave to amend a seconded amended complaint. On November 7, 2005, Plaintiff filed a Second Amended Complaint against Defendants Simon Property Group, Inc., Simon Property Group, L.P., M.S. Management Associates, Inc., SDG Forum Associates, L.P., SPG Forum Developers, LLC (collectively, "Institutional Defendants"), David Simon ("Mr. David Simon"), and Melvin Simon and Herbert Simon (collectively, "Individual Defendants"). Plaintiff alleges four causes of action under a Nevada racketeering statute, three causes of action for breach of a fiduciary duty, two causes of action for violation of Nevada and federal securities law, breach of contract, conversion, tort claims of intentional interference, negligent misrepresen-

---

1. Individual Defendant David Simon also filed a Motion to Dismiss (Document # 103), and because his claims and arguments mirror that of the Institutional Defendants, they are addressed in the Court's Order Granting in Part and Denying in Part Institutional Defendants' Motion to Strike Claims Previously Dismissed and Motion to Dismiss Other Claims in the Second Amended Complaint.

tation, accounting violations, and unjust enrichment.

The current action stems from a partnership formed between Plaintiff's managing partner, Gordon Group Holdings, Ltd., and Sirum Associates, LP ("Sirum"), an entity created by Simon Property Group, LP. On February 6, 1990, the parties created the Forum Developers Limited Partnership ("FDLP") to develop and manage the Forum Shops, a Las Vegas Strip shopping complex adjacent to Caesars Palace. Plaintiff was the sole limited partner in FDLP, with a forty percent interest. Sirum was FDLP's managing general partner with a sixty percent interest. Plaintiff states that Sirum assigned its interest in the Forum Shops to SPG, LP in 1993.

Plaintiff states that the FDLP agreement included a buy-sell provision. Plaintiff states that both it and Sirum (and later, SPG, LP) had the right to tender an all-cash price for a pro rata share at which it would buy the other party's interest of sell its own interest.

From its inception in 1992, the Forum Shops project was a huge success. By 1997, it had become the nation's most successful retail center with average annual sales of $1,200 per square foot. Due to its success, the parties planned an expansion to include Phase II of the Forum Shops. In 1996, GKLV and SPF, LP amended the original FDLP agreement to include Phase II. The amended agreement did not substantially change the buy-sell provision of the original agreement. SPG, LP retained a sixty percent interest in Phase I and acquired a fifty-five percent interest in Phase II. Plaintiff retained a forty percent interest in Phase I and Sheldon Gordon, the director of Gordon Group Holdings, Ltd., acquired a forty-five percent interest in Phase II.

Plaintiff states that SPG, LP assigned some of its interests in the Forum Shops to the Simon Debartolo Group, LP, which in turn assigned some of these interests to SDG Forum Associates, Limited Partnership. Plaintiff further states that Institutional Defendants eventually acquired the interests of both SDG Forum Associates, Limited Partnership and Simon Debartolo Group, LP. Sheldon Gordon subsequently assigned his interest to Plaintiff.

Plaintiff states its relationship with Institutional and Individual Defendants began to deteriorate in 1995. Despite this, Plaintiff states it was unable to exercise the buy-sell provision until 1998 due to a condition in the amended FDLP agreement. Plaintiff alleges that it first attempted to invoke the buy-sell provision in 1998, but that these efforts were thwarted by Institutional and Individual Defendants. After this attempt failed in 1998, Plaintiff began developing a plan for Phase III of the Forum Shops. Plaintiff states that in 1999, Gordon Group Holdings, Ltd. again took steps to invoke the buy-sell provision, but that Institutional and Individual Defendants prevented them from exercising it.

In 2000, Plaintiff sought to sell its interest in FDLP to Institutional and Individual Defendants. An external financial institution did not intervene and the parties agreed t terminate the partnership through an alternative disposition scheme.

In 2002, Plaintiff again sought to sell its interest in FDLP. Plaintiff states that Institutional and Individual Defendants rejected Plaintiff's attempted sale. Early in 2003, Plaintiff offered to sell its FDLP interest for $173,966,650 or to buy Institutional and Individual Defendants' interest for $240,733,350. Institutional and Individual Defendants elected to purchase Plaintiff's interest for $173,966,650. Plaintiff states, eight months later, a financing effort valued the Forum Shops at $1,000,000,000. Accordingly, Plaintiff

states that its limited partnership interest was actually worth $400,000,000.

### B. *Procedural History*

On January 4, 2005, the Institutional Defendants filed a Motion to Dismiss Claims 4–11, 14–15, and 18–19 for failure to state a claim upon which relief can be granted. On the same day, the Individual Defendants filed a Motion to Dismiss in which they adopted and incorporated the Institutional Defendants' arguments and analysis.

The Court heard argument on Defendants' Motion on August 17, 2005 and filed an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Causes of Action 4–11, 14–15, and 18–19 on September 30, 2005 ("September 30 Order"). The September 30 Order also denied Defendants' Motion for a More Definite Statement.

With leave of the court, Plaintiff filed a Second Amended Complaint ("SAC") on November 7, 2005 (Document # 100) and Mr. David Simon and Individual Defendants filed their Motions to Dismiss on December 7, 2005 (Documents # 103 and # 104, respectively). Memorandums in Opposition were duly filed by Plaintiff on December 27, 2005 (Documents # 105 and # 107) and Replies were filed by Defendants on January 13, 2006 (Documents # 113 and # 114).[2]

### STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.2005). Review is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Livid Holdings*, 416 F.3d at 946. "However, the court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004) (quoting *Clegg*, 18 F.3d at 754–55). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)). Thus, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988).

### DISCUSSION

Melvin and Herbert Simon (collectively, "Individual Defendants") contend that the Court should grant its Motion to Dismiss on two separate and independent grounds: 1) the SAC rests on the same faulty premise as its predecessor; namely, that Plaintiff maintains claims against Melvin and Herbert Simon based solely on their status as directors of Simon Property Group, Inc.; and 2) Plaintiff's generalized allegations do not plead the elements of the putative claims against Melvin and Her-

---

**2.** Because the Motion to Dismiss filed by Individual Defendant David Simon mirrors the points and authorities set forth by Institutional Defendants, David Simon's motion is addressed by the Court's Order Granting in Part and Denying Part Institutional Defendants' Motion to Strike Claims Previously Dismissed with Prejudice and Motion to Dismiss Other Claims of the Second Amended Complaint filed on September 29, 2006.

bert Simon in Counts 4 through 17 and 19 of the Second Amended Complaint and therefore, fail to state a claim upon which relief can be granted.

### I. Nevada RICO Act (Counts 4–7)

To the extent that the Individual Defendants' assert that Plaintiff fails to state a claim upon which relief can be granted under Nevada's RICO Act, Nev.Rev.Stat. §§ 207.350–207.520 because of the same arguments as Institutional Defendants, these issues are addressed in the Court's Order Granting in Part and Denying in Part Defendants' Motion to Strike Claims Previously Dismissed with Prejudice and Motion to Dismiss Other Claims of the Second Amended Complaint.

However, Individual Defendants also assert a separate and independent ground for dismissal of the RICO claims. Namely, Individual Defendants contend that Plaintiff has failed to allege that Melvin and Herbert Simon "engag[ed] in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents..." *Mot.* at 7 (quoting Nev.Rev.Stat. § 207.390). Individual Defendants state that the SAC fails to allege that Melvin or Herbert Simon committed two predicate acts under Nevada's RICO statute, and that in order to pass muster under Nevada law, "[a] plaintiff must plead the two crimes relating to racketeering with specificity." *Brown v. Kinross Gold, U.S.A.,* 378 F.Supp.2d 1280, 1287 (D.Nev.2005). Plaintiff cites six alleged predicate acts for which their claim is based against Melvin and Herbert Simon. The Court addresses each in turn.

#### A. Embezzlement

■ Section 205.300 of the Nevada Revised Statutes states that an offense of embezzlement occurs where

Any bailee of any money, goods or property, who converts it to his own use, with the intent to steal it or to defraud the owner ... or any person with whom any money, property or effects have been deposited or entrusted, who uses or appropriates the money, property or effects or any part thereof in any manner or for any other purpose than that for which they were deposited or entrusted, is guilty of embezzlement .....

Nev.Rev.Stat. § 205.300.

Defendants argue that nowhere in the SAC does Plaintiff allege that either Melvin or Herbert Simon was entrusted with any money, goods, or property-i.e., that either of them was a "bailee" as required by § 205.300. In response, Plaintiff contends that Individual Defendants were bailees of Plaintiff's property; i.e., the monthly distributions owed to it, and that Defendants spent the money in an unauthorized manner, thereby depriving Plaintiff of what was rightfully theirs.

■ Plaintiff's allegation that a corporate director must have personally authorized and directed wrongful conduct of the corporation in contrary to well-settled Ninth Circuit precedent. The individual liability of corporate officers or directors can exist only if the officer or director personally authorized, directed, or participated in the corporation's alleged conduct at issue. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 734 (9th Cir.1999), *Schwartz v. Pillsbury,* 969 F.2d 840, 843 (9th Cir.1992). As this Court addressed in its September 30 Order, it is not enough for Plaintiff to propose the inference that the acts of the Institutional Defendant are attributable to Melvin and Herbert Simon simply because of their status as directors. The SAC continues to lack any facts pled that Melvin or Herbert Simon were "bailees" for pur-

poses of fulfilling the Nevada RICO statute for embezzlement.

### B. Theft

■ Plaintiff asserts that Individual Defendants' actions in allegedly converting Plaintiff's property to its own constitute a violation of Omnibus Theft Crime Statute, N.R.S. § 205.0832 et seq. Even assuming *arguendo* that Defendants' failure to pay distributions or misconduct in the buy-sell transaction could constitute "taking property from another under circumstances not amounting to robbery, including theft and larceny," the Court finds that these actions arise out of an partnership dispute governed by a contract and were not envisioned by the legislature as a predicate crime for a RICO violation. The Court agrees with the analysis in *United States v. Rodrigues*, 159 F.3d 439 (9th Cir.1998), wherein the Ninth Circuit found that "if a party committed theft every time it failed to pay, or failed to cause another to pay, money when due, RICO law would swallow up much of the common law of contracts." *Id.* at 448. Therefore, the Court finds that Plaintiff's allegations insufficient to show that state a predicate act of "taking property from another under circumstances not amounting to robbery, including theft and larceny."

### C. Extortion

Section 205.320 of the Nevada Revised Statutes states in part that:

A person who, with the intent to extort or gain any money or other property or to compel or induce another to make, subscribe, execute, alter or destroy any valuable security or instrument or writing affecting or intended to affect any cause of action or defense, or any property ... threatens directly or indirectly to ... injure a person or property ... is guilty of [extortion].

Plaintiff alleges in his Complaint that Defendants: 1) threatened frivolous and costly litigation against it; 2) threatened to withhold partnership distributions; and 3) threatened to improperly freeze-out Plaintiffs from participation in Phase III of the Forum Shops.[3]

■ The Court finds that Plaintiff has not pled sufficient facts to state a claim under RICO for extortion. Plaintiff claims that Defendants threatened frivolous legal action against Plaintiff after it sought to enlist a partnership with a financier in a bid to exercise its buy sell option. Even accepting Plaintiff's allegations as true, the Court finds that a threat of suit generally does not constitute an predicate act of extortion upon which to stake a RICO claim. *First Pacific Bancorp, Inc. v. Bro*, 847 F.2d 542, 547 (9th Cir.1988); *American Nursing Care of Toledo v. Leisure*, 609 F.Supp. 419, 430 (N.D.Ohio 1984) (stating that the threat of litigation is not a predicate act for RICO purposes).

■ Plaintiff has also failed to adequately plead a claim for extortion with regard to its other allegations. In particular, Plaintiff asserts that Defendants threatened to withhold partnership distributions, but fails to direct this Court to any factual basis upon which to assess the sufficiency of these allegations.[4]

---

3. Although Plaintiff makes these allegations in the SAC, the Court notes that Melvin and Herbert Simon are never named as individual actors in this supposed scheme but are simply grouped under the generic term of "Defendants".

4. Plaintiff, under his claim of extortion, fails to provide any factual allegations regarding the purported threat to discontinue partnership distributions. (SAC, ¶¶ 294–299). Furthermore, in its Opposition, Plaintiff cites to ¶¶ 73–74, 132 133 of the SAC, but these paragraphs contain no facts regarding any threats to Plaintiff.

■ Plaintiff's final claim that Defendants threatened to freeze Plaintiff out of Phase III similarly lacks sufficient allegations in the SAC. Plaintiff asserts that Defendants demanded capital contributions in order to proceed with the development of Phase III. However, while Plaintiff alleges that this improper demand was made for the purpose of bringing economic pressure upon Plaintiff, it does not provide any allegations that either Melvin or Herbert Simon threatened Plaintiff with injury to its person or property if it failed to accede to their demands. Rather, Plaintiff only alleges that Defendants made the contribution demand with the intent of freezing Plaintiff out of Phase III.[5]

Accordingly, the Court finds that Plaintiff has failed to plead a claim that Defendants improperly threatened to withhold capital distributions and threatened to freeze-out Plaintiff from participating in the development of Phase III Forum Shops.

### D. False Pretenses

■■ Section 205.380 of the Nevada Revised Statutes provides that:

> A person who knowingly and designedly by any false pretense obtains from any other person any chose in action, money, goods, wares, chattels, effects or other valuable thing, including rent or the labor of another person not his employee, with the intent to cheat or defraud the other person, is a cheat, and, unless otherwise prescribed by law, shall be punished...

Nev.Rev.Stat. § 205.380. In order to prevail on a claim for false pretenses, a party must establish the following elements: 1) intent to defraud; 2) a false representation;[6] 3) reliance on that representation; and, 4) that the victim be defrauded. *Bright v. Sheriff, Washoe County,* 90 Nev. 168, 521 P.2d 371, 372 (1974).

■ Individual Defendants claim that Plaintiff's predicate act of false pretenses fails because Plaintiff has not alleged "specific false representations" by Melvin and Herbert Simon and must describe when, where, and how such false representations are claimed to have been made. *Hale v. Burkhardt,* 104 Nev. 632, 637, 764 P.2d 866 (1988). As an initial matter, the Court finds that Plaintiff has plead his allegations of fraud with sufficient particularity with respect to the Institutional Defendants. Rule 9(b) of the Federal Rules of Civil Procedure provides in pertinent part that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba–Geigy Corp.,* 317 F.3d 1097, 1106 (9th Cir.2003). Therefore, the allegations of fraud must be accompanied by the "who, what, when, where, and how of the misconduct charged." *Id.* Courts must strike a balance between providing adequate notice to the adverse party while at the same time not effectively requiring pre-discovery. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 999 (9th Cir.1999).

■ Plaintiff's SAC adequately alleges the claims of false pretenses against *Institutional* Defendants and have been suffi-

---

**5.** Plaintiff also alleges that after it declined to provide capital contributions, Defendants later withheld FDLP distributions. However, Plaintiff makes no allegations Defendants at any point threatened to take such action if Plaintiff failed to make the capital contributions.

**6.** A false representation need not be direct. "The representation may be *implied from conduct,* or may consist of *concealment or nondisclosure* where there is a duty to speak." *Bright,* 521 P.2d at 373.

ciently pleaded for purposes of Rule 9(b). However, with respect to *Individual* Defendants, the Court finds that Plaintiff has failed to meet the threshold requirement. Although in the absence of discovery, Plaintiff cannot be expected to allege minute and detailed information, the SAC is devoid of any allegations whatsoever against Melvin and Herbert Simon. Accordingly, Plaintiff has not met its burden under Rule 9(b).

### E. Nevada Securities Fraud

 Section 905.70 of the Nevada Revised Statutes provides that:

In connection with the offer to sell, sale, offer to purchase or purchase of a security, a person shall not, directly or indirectly:

1. Employ any device, scheme or artifice to defraud;

2. Make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they are made; or

3. Engage in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

Nev.Rev.Stat. 905.70. Plaintiff asserts that the above-referenced omissions and misrepresentations constituted a violation of Section 906.70.

Plaintiff incorporates its allegations for this predicate by reference to Count 8 of the SAC. As with its false pretenses predicate, Plaintiff has failed to allege any act by Melvin or Herbert Simon. Though the complaint is rife with allegations against "Defendants" generally, Count 8 does not contain a single mention of either Herbert or Melvin Simon by either alleging any individual or directorial action. As discussed above, the threshold required by Rule 9(b) that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff has failed to do so.

### F. Commercial Bribery/Kickbacks

 Plaintiff's claim for violations of RICO premised on Section 207.295 of the Nevada Revised Statutes fails as matter of law. As noted above, the Nevada RICO statute sets forth specific crimes on which RICO liability can be based. Section 207.295 is not among these crimes. Accordingly, the Court finds that Plaintiff's attempt to base a RICO violation on this provision is without merit.

## II. Fiduciary Duty (Counts 9–11)

### A. Usurpation of Business Opportunities Belonging To The Partners In FDLP (Count 9)

In its ninth cause of action, Plaintiff asserts that Defendants' actions with regard to the Phase III development and in connection with Chelsea and the LVPO constitutes a breach of fiduciary duty upon which Plaintiffs may recover. The Court disagrees.

 The overwhelming allegations in this count allege injury to FDLP as a result of Defendants' actions. In particular, Plaintiff alleges that Defendants: 1) sought to exclude FDLP, and thus Plaintiff, from the Phase III development plan; and 2) entered into a joint venture with Chelsea for the LVPO and subsequently waived radius clauses for tenants in the Forum Shops thereby depriving FDLP of additional rent to which it was entitled. As noted in the Court's Order Granting in Part and Denying in Part Defendants' Motion to Strike Claims Previously Dismissed with Prejudice and Motion to Dismiss Other Claims in the Second Amended Complaint, § 88.610 of the Nevada Revised Statutes explicitly circumscribes the ability

of a limited partner to bring a derivative action on behalf of the partnership.[7]

Assuming the truth of the allegations asserted, and putting aside the fact that Plaintiff has failed to make the necessary bridge between the acts of Melvin and Herbert Simon as directors of SPG and any fiduciary duty they may have individually owed to Plaintiff, Plaintiff's claims only allege harm to FDLP. As discussed in this Court's Order Granting in Part and Denying in Part Defendants' Motion to Strike Claims Previously Dismissed with Prejudice and to Dismiss Other Claims of the Second Complaint, Plaintiff may not recover on behalf of FDLP in the absence of a derivative suit.

■ Plaintiff in its opposition asserts that Defendants breached a fiduciary duty by not including Plaintiff in its partnership with Chelsea. However, Plaintiff alleges no facts that would sustain a finding that Melvin and Herbert Simon owed a duty to include Plaintiff in other partnerships independent of their commitment to FDLP.[7] Therefore, to the extent that Plaintiff's injuries derive from injuries sustained by FDLP, those claims are dismissed.

B. *Disclosure of Necessary Information for Accurate Valuation of Partnership Interest* (Count 10)

■ Plaintiffs allege in Count 10 of the SAC that there was a breach of fiduciary duty by refusing to provide them with accurate and complete information necessary to allow them to accurately value its limited partnership interest in FDLP. This cause of action reasserts Plaintiff's previous allegations that Defendants failed to disclose information or provided inaccurate

and misleading information on a number of occasions. The Court finds that Plaintiff has plead the underlying facts with sufficient particularity to place Melvin and Herbert Simon on notice of the claims. *See Vess,* 317 F.3d at 1106. Furthermore, the Court holds that Plaintiff has alleged sufficient facts to show that it detrimentally and justifiably relied on these misrepresentations and omissions. Therefore, the Court DENIES Individual Defendants' motion to dismiss Plaintiff's tenth claim.

C. *Duty of Loyalty* (Count 11)

As discussed in Section II(A), many of Plaintiff's claims for breach of the duty of loyalty seek to recover for damages sustained by FDLP. These include Plaintiff's allegations that Defendants: 1) diverted, converted, and embezzled substantial rental proceeds (SAC ¶ 378a); 2) withheld, converted, and embezzled FDLP monies (SAC ¶ 378b); 3) took, destroyed, and converted partnership property without compensating FDLP (SAC ¶ 378c); 4) unlawfully converted FDLP revenues to it own use by leveraging its leases in the Forum Shops (SAC ¶ 378j); 5) destroyed Phase I property in order to carry out Phase III expansion (SAC ¶ 378m); and 6) exposed Plaintiff to the risk that a landlord in the Forum Shops would take legal action against FDLP (SAC ¶ 378n). These are improper for the reasons stated above. *See* Nev.Rev.Stat. § 88.610.

■ Other allegations such as Plaintiff's claims that Defendants wrongfully withheld partnership distributions under the Amended FDLP Agreement are clearly barred by the economic loss doctrine.

---

7. Plaintiff's reliance on out-of-state authority for the proposition that a partner may sue another partner for usurpation of business opportunity is inapposite. The cases cited by Plaintiff all involve general partnerships, not a limited partnership.

7. Even assuming that the Individual Defendants owed a duty to FDLP with regard to outside business ventures that would affect FDLP's interests, breach of that duty would harm Plaintiff only derivatively through FDLP.

These include the allegations contained in paragraphs 378i, 378k, and 378l of the SAC. With regard to the other claims, the Court restates its position as articulated in its Order Granting in Part and Denying in Part Institutional Defendants' Motion to Strike Claims Previously Dismissed with Prejudice and Motion to Dismiss Other Claims of the Second Amended Complaint that while the claims have been sufficiently pled, they are still subject to dismissal pursuant to the economic loss doctrine if the Amended FDLP Agreement prohibited such acts.

### III. Control Person Liability (Count 19)

 The nineteenth cause of action in Plaintiff's SAC alleges that Melvin and Herbert Simon were "controlling persons" of SPG, Inc. and Simon Property Group, L.P. under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).

 To state a claim against Melvin and Herbert Simon under Section 20(a), Plaintiff must allege: 1) a primary violation of federal securities laws; and 2) that the defendant exercised actual power or control over the primary violator. *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir.2000). Whether or not the Individual Defendants are "controlling persons" is an intensely factual question, involving scrutiny of their participation in the day-to-day affairs of the corporation and their power to control corporate actions. *See id.*

The SAC contains allegations that: 1) SPG, Inc. and SPG, LP violated Rule 10b–5, and there are sufficiently pled allegations of fact that Melvin and Herbert Simon exercised actual power and control over SPG, Inc. and SPG, LP and had day-to-day control over the affairs of the businesses. As such, the Court finds that Plaintiff has pled the underlying facts with sufficient particularity to place Melvin and Herbert Simon on notice of the claims. *See Vess*, 317 F.3d at 1106. Therefore, the Court DENIES Individual Defendants' motion to dismiss Plaintiff's nineteenth claim.

### IV. State Law Claims (Counts 8, 12–17)

#### A. Nevada Securities Fraud (Count 8)

 For the same reasons set forth in Section I(E) of this Order discussing Plaintiff's claims for violations of Nevada securities laws, the Court holds that Plaintiff has failed to state a claim.[8]

#### B. Breach of Contract (Count 12)

 Under the heading entitled "Breach of the Amended FDLP Agreement" in Count 12 of the SAC, Plaintiff asserts that Defendants breached its obligations under the Amended FDLP Agreement because: 1) it did not allow Plaintiff to inspect and audit records associated with 1998 transactions with Starwood; 2) it did not provide information concerning the value of the Forum Shops from 2001 through 2003; and 3) it did not make appropriate disbursements and/or distributions.

Plaintiff's SAC does not allege any facts to support a claim that there existed a contract between Individual Defendants Melvin and Herbert Simon, and Plaintiff. In fact, the generic term used by Plaintiff-"Simon"-is an umbrella term designed to capture any and all of eight separate defendants, without providing the existence of any fact that there was even a contract

---

**8.** Notwithstanding the discussion in Section I(E), the Court also finds that Plaintiff lacks standing to enforce civil liability for the alleged violations of Section 90.570 of the Nevada Revised Statutes. Civil liability for violations of Nevada securities laws are set forth in Section 90.660 of the Nevada Revised Statutes. This statute expressly limits recovery to parties who purchase a security in violation of Section 90.570 and other provisions.

between Melvin and Herbert Simon as individuals and Plaintiff.

The Court agrees with Individual Defendants that the SAC also fails to allege any basis for imputing to Melvin and Herbert Simon personal liability for an alleged breach committed by any of the Institutional Defendants. In fact, within the seven paragraphs of the SAC under this cause of action, none of the Individual Defendants are even mentioned by name.

 Only in its memorandum in opposition does Plaintiff first raise the theory of aiding and abetting. Under Nevada law, civil liability attaches if a defendant substantially assists or encourages another's conduct in breaching a duty to a third person. *See Dow Chemical Co. v. Mahlum,* 114 Nev. 1468, 1490, 970 P.2d 98 (1998). Under this theory, Plaintiff would have to prove three elements: 1) that Institutional Defendants committed fraudulent misrepresentation to Plaintiff; 2) that Melvin and Herbert Simon were aware of their role in promoting the fraudulent misrepresentation by Institutional Defendants at the time it provided assistance; and 3) that Melvin and Herbert Simon knowingly and substantially assisted Institutional Defendants in committing fraudulent misrepresentation. *See id.*

 Plaintiff argument fails because the nowhere are facts pled that allege any, let alone all, of the above required elements. The sweeping generalization that "given their positions of control, [Institutional Defendants] could not have acted without [Individual Defendants'] knowledge and approval" is contrary to well-settled law that a plaintiff cannot insulate a complaint from dismissal by relying upon inferences that are unreasonable or un-warranted in the context of the complaint itself. *See Sprewell v. Golden State Warriors.,* 266 F.3d 979, 988 (9thCir.2001)(holding that a court is not required to accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Accordingly, the breach of contract claim against Melvin and Herbert Simon is DISMISSED.

### C. Conversion (Count 13)

 Plaintiff does not have standing to recover on its allegations that Defendants converted FDLP property. *See* Nev.Rev.Stat. § 88.610.[9] Furthermore, the economic loss doctrine bars Plaintiff's claims that Defendants withheld distributions owed pursuant to the Amended FDLP Agreement. Accordingly, Plaintiff allegations in paragraphs 390, 391, 392, and 393 are DISMISSED.

 Plaintiff's remaining claims are also without merit. Plaintiff asserts that Defendants committed acts of conversion by: 1) creating a separate legal entity through which it conducted Phase III expansion, thereby excluding Plaintiff and usurping a partnership opportunity; and 2) excluding Plaintiff from its partnership with Chelsea to develop the LVPO.

 Under Nevada law, conversion is defined "as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights...." *Ferreira v. P.C.H., Inc.,* 105 Nev. 305, 774 P.2d 1041, 1043 (1989) (citations excluded). Neither of the above alleged acts constitute a wrongful dominion

---

9. Plaintiff's contention that Defendants waived their right to challenge the claim of conversion by not bringing it in the first motion to dismiss is without merit. Plaintiff filed the SAC and Defendants are well within their rights to assert defenses to the claims contained in the SAC even if they chose not to do so in the First Amended Complaint.

over Plaintiff's personal property. Therefore, the Court DISMISSES Plaintiff's claim for conversion.

### D. Intentional Interference with Prospective Advantage (Count 14)

This Court previously denied Melvin and Herbert Simon's Motion to Dismiss Cause of Action 14, which alleged Intentional Interference with Prospective Economic Advantage. *Order* at 13. For the reasons articulated in its September 30, 2005 Order, this Court DENIES the motion to dismiss Count 14 at this stage of litigation.

### E. Negligent Misrepresentation (Count 15)

 Plaintiff's state law claim for negligent misrepresentation by Individual Defendants has not been pled with particularity as required by Federal Rules of Civil Procedure Rule 9(b) and is accordingly DISMISSED. Under Nevada law, a claim for negligent misrepresentation requires a plaintiff to plead: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. Even though Plaintiff may have sufficiently pled these elements at this stage with respect to the Institutional Defendants, it has not pled with particularity any alleged facts involving Individual Defendants.

### F. Accounting (Count 16)

 Before a claim for accounting can be pursued, Nevada law requires that the parties to such a claim must first and foremost be partners. *State v. Elsbury*, 63 Nev. 463, 469, 175 P.2d 430 (1946). Melvin and Herbert Simon deny the existence of any such relationship between themselves and Plaintiff and accordingly assert that Plaintiff's claim for an entitlement to accounting fails because they are not partners in any partnership with Plaintiff.

Plaintiff's sole contention is that Melvin and Herbert Simon are subject to this claim under the theory of aiding and abetting. Not only does this assertion fail for the reasons already articulated by this Court in Section IV(B) *supra*, but it additionally fails for Plaintiff's lack of any legal authority supporting its claims that Plaintiff can pursue an accounting claim under the theory of aiding and abetting. Therefore, the court DISMISSES Count 16 against Individual Defendants.

### G. Unjust Enrichment (Count 17)

 Finally, Individual Defendants move this Court to Dismiss Plaintiff's seventeenth claim for unjust enrichment because there is no allegation of any "retention of a benefit", whether unjust or otherwise, by the Individual Defendants. Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. *See Nevada Indus. Dev., Inc. v. Benedetti*, 103 Nev. 360, 741 P.2d 802 (1987). As discussed above, the threshold required by Rule 9(b) that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff cannot simply rests its theory over the general proposition that as aiders and abetters, Melvin and Herbert Simon are liable for the remaining state law claims. Plaintiff has failed to plead with particularity with respect to the Individual Defendants in

this claim and accordingly this claim is DISMISSED as to Individual Defendants.

## CONCLUSION

For the reasons stated above, the court hereby GRANTS in PART and DENIES in PART Melvin and Herbert Simon's Motion to Dismiss.

IT IS SO ORDERED.