# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
DAVID WAYNE KILSON,
Respondent.

No. 75519

**FILED**

FEB 01 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting respondent's pretrial petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

While conducting a traffic stop, officers from the Washoe County Sheriff's Office found a clear plastic bag in respondent's car containing 55 identically shaped and sized pills, 50 of which were yellow, and 5 of which were green. The yellow pills' combined weight equaled roughly 30 grams, and the green pills' combined weight equaled roughly 3 grams, for a total combined weight of 33 grams. All 55 pills contained the same logo, which consisted of two overlapping circles. Washoe County Crime Lab analyst Brad Taylor tested one yellow pill and one green pill, and the results revealed that both pills contained methamphetamine.

Based on this evidence, the State charged respondent with a category A felony count of trafficking a controlled substance, which requires possession of at least 28 grams of the controlled substance. *See* NRS 453.3385(1)(c). Although the justice court judge found that the evidence and Mr. Taylor's related testimony constituted sufficient probable cause to bind respondent over to the district court on the trafficking charge, the district court disagreed and granted respondent's pretrial petition for a writ

19-05024

of habeas corpus, thereby dismissing the trafficking charge. The State then filed this appeal.

Having considered the parties' arguments and the record, we conclude that the district court erred in determining that the State failed to present the requisite slight or marginal evidence necessary to support the probable cause determination. *See Sheriff v. Dhadda*, 115 Nev. 175, 180, 980 P.2d 1062, 1065 (1999) ("Probable cause to bind a defendant over for trial may be based on slight, even marginal, evidence because it does not involve a determination of guilt or innocence of an accused."); *cf. Bonamy v. Zenoff*, 77 Nev. 250, 252, 362 P.2d 445, 447 (1961) ("Because the facts relating to the existence of probable cause are not in dispute, it becomes a question of law whether such facts constitute probable cause."). In particular, respondent acknowledges that when a representative sample of pills within a vessel tests positive for contraband, it is reasonable to infer that all the pills within that vessel contain contraband when those pills are the same size, shape, and contain a similar logo. *Cf. Brymer v. Sheriff*, 92 Nev. 598, 599, 555 P.2d 844, 845 (1976) ("All that is required [to support a probable cause determination] is that there be enough evidence presented to support a reasonable inference that the accused committed the charged offense."); Michael D. Osteen, Annotation, *Sufficiency of Random Sampling of Drug or Contraband to Establish Jurisdictional Amount Required for Conviction*, 45 A.L.R. 5th 1, § 2[a] (1997) ("As a general rule, courts agree that random sampling of a homogenous substance is sufficient to establish the jurisdictional amount required for conviction . . . .").

Accordingly, Mr. Taylor's testimony at the preliminary hearing was sufficient to establish that probable cause supported the trafficking charge under NRS 453.3385(1)(c), as he testified that (1) the 2 tested pills

tested positive for methamphetamine; (2) all 55 pills were in the same container, were of the same size and shape, and contained the same logo; and (3) the combined weight of all 55 pills equaled roughly 33 grams.[1] The district court therefore erred in determining otherwise and in granting respondent's writ petition. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ Pickering _____, J.
Pickering

_____ Parraguirre _____, J.
Parraguirre

_____ Cadish _____, J.
Cadish

---

[1]In this respect, we are not persuaded by *State v. Wright*, 101 N.E.3d 496 (Ohio Ct. App. 2017), which did not address the "slight" or "marginal" evidence standard necessary to sustain a probable cause determination. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("[T]he state need not produce the quantum of proof required to establish the guilt of the accused beyond a reasonable doubt."). Additionally, based on the remaining authorities presented, we are unwilling to reach the conclusion that testing 2 out of 55 pills categorically cannot constitute a representative sample.

cc: Hon. Scott N. Freeman, District Judge
Attorney General/Carson City
Washoe County District Attorney
Washoe County Public Defender
Washoe District Court Clerk